IN THE UNITED STATES District Court

FOR THE SOUTHERN DISTRICT of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 14 2015
ARTHUR JOHNSTON
BY ______ DEPUTY

UNITED STATES

Case No. 1:10-cr-00103-KS-RHW

VS.

Jerry Leon Robinson

MOTION; TO Dismiss INDICTMENT and void conviction for Lack of Subject Matter Jurisdiction, PursuanT TO 18 U.S.C.S. 3231 and the 5th Amendment of THE UNITED STATES Constitution.

THIS COURT Has Jurisdiction to HEAR THIS case PURSUANT TO:

① Subject matter jurisdiction defines the Court's authority to hear a given type of case, and Congress bestows that authority on Lower Courts by Statute. For Federal Claims Congress did so in 18 U.S.C.S 3231, providing district courts with original jurisdiction, exclusive of the courts, of all offenses against the laws of the 18 U.S.C.S 3231. as such, all that matters for purposes of the districts courT's subject matter Jurisdiction is that the UNITED STATES Files an indictment charging the defendant with violating laws of the UNITED STATES, THIS empowers the District

Court under 18 U.S.C.S. 3231 to enter Judgement upon the merits of the indictment such as dismissing the indictment on the grounds that is does not allege facts that the defendant Committed the Charged offense. THE Concept of subject matter Jurisdiction that involves a court's power to hear a case can never be forfeited or waived, Consequently, defects in Subject matter Jurisdiction require correction regardless of whether the error was raised in District Court.

STANDARD OF Review

A DISTRICT Court's dismissal for lack of Subject matter Jurisdiction is reviewed de Novo WOLCOTT, 635 F.3d, 762

STATEMENT OF FACTS

① PeTiTioner was indicted on Counts 1.3.4 on December 7, 2010

② PeTiTioner entered a plea of not Guilty to counts 1.3.4, December 14, 2010

③ PeTiTioner went to change of Plea Hearing on June 1, 2011 on Count "3" of indictment for Possession of Cocaine Base "CRACK" with intent to sell

④ PeTiTioner's indictment was amended in Count 3 by ORE TENUS MOTION to Allege the Sale of less Than 500 grams of Cocaine Powder as opposed to Cocaine Base "CRACK" "See exhibit A"

⑤ ORE TENUS MOTION to Amend Count 3 of the indictment to Allege the Sale of less than 500 grams of Cocaine Powder as opposed to Cocaine Base "CRACK" by John A. meynardie as to Jerry Leon Robinson was issued June 1, 2011

⑥ Text only ORDER granting MOTION to amend Count 3 of the indictment as to Jerry Leon Robinson June 1, 2011

⑦ PeTiTioner was held for Sentencing August 30, 2011 The Pre-Sentence Report was adopted without Change after the CourT over-Ruled the defendant's objection to the Career offender enhancemenT. The defendant's request for a Variance was also denied. Counts 1 and 4 dismissed on the motion of the government; Count 3, 151 months imprisonmenT 3yrs Supervised release, $100 assessmenT FEE.

LAW AND ARGUEMENT

(8) PeTiTioner's indictmenT ~~[illegible]~~ was amended in CounT 3 by ORE TENUS MOTION to ALLEGE the Sale of Less than 500 grams of Cocaine Powder as opposed to Cocaine Base "CRACK"

(A) ORE TENUS MOTION to amend Count 3 of the indictment to Allege the Sale of less than 500 grams of Cocaine Powder as opposed to Cocaine Base "CRACK" by John A. Meynardie as to Jerry Leon Robinson was issued June 1 2011

(B) Text only ORDER granting motion to amend Count 3 of the IndictmenT as to Jerry Leon Robinson June 1, 2011

(9) U.S. v. Cancelliere 69 F.3d 1116 (11th Cir 1995)

THE CourT has held that a Fundamentel principle Stemming from the U.S. Constitution AmendmenT "5" is that a defendant can only be convicted for a Crime Charged in the indictment. Per Se reversible error occurs when the essential elements of the offense are altered to broaden the possible bases for Conviction beyond what is contained in the indictment. An Amendment to an indictment occurs when the Charging terms of the indictment are altered. A Jury instruction that constructively Amends a Grand Jury indictment Constitues per se reversible error because such an instruction violates a defendant's Constitutional right to be tried on only those Charges

Presented in a Grand Jury indictment and creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment. New Bases for Conviction may not be ADDED without resubmitting the indictment to the Grand Jury; Whether they are added literally, by a formal amendment to the indictment or by instructions to the trial Jury, which would allow a conviction on grounds not Charged by the Grand Jury.

(10) U.S. v. Robles-Vertiz 155, F.3d 725 (5th Cir 1998)

ONLY the Grand Jury can broaden an indictment through amendment. A Constructive amendment occurs when the government Changes its theory during Trial, so as to urge the Jury to convict on a Basis Broader than that Charged in the indictment or when the government is allowed to prove an essential element of the crime on an alternative basis permitted by statute but not charged in the indictment. THE ACCEPTED TEST is that a Constructive amendment of the indictment occurs when the Jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the crime charged.

(11.) U.S. v. Salinas, 654 F.2d 319 (5th cir 1981)

THE misconstruction of an indictment is reversible error if it is possible that the defendant was tried and convicted for a crime other than that alleged in the indictment.

(12) U.S. v. Miller 471 U.S. 130 (1985)

THE conviction of a DEFENDANT of an offense different from that which is included in the indictment violates the 5th Amendment's grand Jury gurantee; after an indictment has been returned, its charges may not be broadened through amendment except by Grand Jury itself.

(13) STirone v. U.S., 361 U.S. 212, S. CT. 270, 4L ED. 2d 252 (1960)

THis error cannot be dismissed as merely a insignificant variance between allegation and proof and thus harmless error, the crime charged being a felony and the 5th amendment requiring that prosecution be begun by indictment from Grand Jury.

A variation between indictment and proof is more than a variance between pleading and proof, and can not be dismissed as harmless error, where that variation destroys defendants substantial right to be tried only on charges Presented in an indictment returned by Grand Jury.

A Federal CouRT can not permit a defendanT to be tried on charges that are not made in the indictment againsthim, Although the Trial Court does not permit a formal amendment of an indictment, the rule that the Charges of the indictment may not be broadened through amendment except by Grand Jury itself is violated where the trial Court, over defendant's objection permits the government to offer evidence on a charge not Contained in the indictment and Submits that Charge to Jury. A Court Cannot act outside its Jurisdiction even when the parties are willing to agree to such. THE purpose of the requirement of the 5th amendment that a man be indicted by a Grand Jury is to limit his Jeopardy to offenses charged by a Group of His fellow citizens acting independently of either prosecuting attorney or Judge, and also to enable the accused to prepare a defense, THis purpose is defeated by a device or method "ORE Tenus motion" "See exhibit A"; which subjects the defendant to prosecution for an act which the Grand Jury Did not Charge. A DEFendants right under the 5th Amendment to have the Grand Jury make the Charge on its own judgement is a substantial right which Can not be taken away with or without the Courts amendment of the indictment.

(4) PeTiTioner was held for sentencing August 30, 2011 THE Pre-Sentence ReporT was adopted without change after the court over-ruled the defendant's objection to the career offender enhancement. THE defendant's request for a variance was also denied. Counts 1 and 4, dismissed on motion of the governmenT; CounT 3, 151 months imprisonmenT, 3yrs Supervised release, $100.00 Special assessmenT

(a.) THE CourT will not fail to observe that there is no complaint that the CourT did in the first instance have subject matter Jurisdiction, but lost it at pleading when the indictment was amended from Cocaine Base "CRACK" to Cocaine Powder. Seeing as though Petitioner was charged with Possession of Cocaine Base "CRACK" with intent to sell, in the original indictment, Indictments are found upon oaths of a Jury and are only to be amended by themselves "Grand Jury"." EX ParTE Bain (121 U.S. 1, 30 L Ed 849)

(B) EX ParTE Bain (121 U.S. 1, 30 L Ed 849)

Habeas Corpus - 5th AmendmenT; Jurisdictional indictment can not Be Changed without re-submission to Grand Jury - Trial on CHANGED indictment VOID.

(C) THE Declaration of ARTicle V of the Amendments to the Constitution that "NO Person Shall be held to answer for a Capital or Otherwise infamous Crime, unless on a presentment or indictment of a Grand Jury" is Jurisdictional" and NO COURT of the UNITED STATES has authority to try a prisoner without indictment or presentment in Such Cases

(D) THE INDictment here referred to is the preservation to the Proper CourT, UNDER OATH, by a Grand Jury duly paneled, of a charge describing an offense against the law for which the party Charged may be punished

(E) when this indictment is filed with the Court, NO change can be made in the Body of the instrument by order of the Court, or by the prosecuting attorney without resubmission of the case to the Grand Jury. "See exhibit A". AND the FACT THAT the Court may deem the Change immaterial, as Striking out of Surplus words makes no difference. THE instrument, as thus changed is no longer the indictment of the Grand Jury which presented it.

(F) THIS was the Doctrine of the english Courts under the common law. It is the UNIFORM ruling of the American Courts, except where Statues prescribe a different rule and it is the imperative requirement of the provision of the Constitution above recited which would be of little avail if an indictment once found Can be Changed by the Prosecuting Officer, with Consent

OF the court to conform to their views of the necessity of the case. "See exhibit A" THE authorities upon this subject are numerous and unambiguous.

(13) UPON an indictment so changed, the Court can proceed NO FARTHER. THERE is nothing (in language of the Constitution,) which the prisoner can "be held to answer" A Trial on such indictment is void. THERE is nothing to TRY.

(14) According to principles long settled in this court the prisoner, who stands sentenced to the penitentiary on such trial, is entitled to his discharge by writ of Habeas Corpus.

(15) FEDERAL Rule of Criminal Procedure "Rule 11"

A New sentence was added at the end of "Rule 11" of Federal criminal procedure, to impose a duty on the Court in cases where the defendant pleads guilty to satisfy that there is factual basis for the plea before entering Judgement. THE COURT should satisfy itself, by inquiry of the defendant or the Attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitues there in to which the defendant has pleaded guilty. Such inquiry should protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the Charge. THE NORmal

consequence of a determination that there is not factual basis for the plea would be for the court to set aside the plea and enter a plea of NOT Guilty. NOT TO Amend indictment.

(16) we can not know whether the Grand Jury would have included in its indictment a charge of Cocaine Powder, Yet Because of the trial Jury's admissission of evidence and under its charge this is the basis upon which the trial Jury Convicted PETiTioner, Being so PETiTioner was convicted on a charge Grand Jury never made against him. THIS was FATAL ERROR.

It is a well settled rule of law that the statute respecting amendments does not extend to indictments, an amended indictment can not be cuided by a verdict. EX PARTE Bain (121 U.S. 1, 30 L Ed 849)

(17) EVERY DAY FROM the Filing of instant motion will Be Construed by PETiTioner as fuRTHER Illegal Restraint on PETiTioner's liberty after proper notice has be Brought Before this Honorable COURT

## Prayer For Relief

PeTiTioner is asking that Conviction be vaccated, because PeTiTioner was never formally charged by Grand Jury with the OFFense that PeTiTioner was convicted to wit Possession of Cocaine Powder with intent to sell

I Declare under Penalty of Purjury that the above information is True and Correct

DATE July 10, 2015

Jerry Leon Robinson
#15972-043

Jerry Robinson 15972-043
Federal Correctional Institution
P.O. Box 52020
Bennettsville, S.C. 29512




... EXED BY
U.S. MARSHAL

RECEIVED
JUL 14 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

⇔15972-043⇔
Federal District COURT
2012 15TH ST
Court Clerk
Gulfport, MS 39501
United States

FEDERAL CORRECTIONAL INST.
696 MUCKERMAN RD. BENNETTSVILLE, S.C. 29512
DATE 7/8/15
THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.