IN THE UNITED STATES DISTCICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUITHERN DIVISON

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                                                    CRIMINAL NO.  1:10-cr-103-KS
                                                       CIVIL ACTION NO. 1:16-cv-361-KS

JERRY LEON ROBINSON                                               DEFENDANT

**<u>ORDER</u>**

THIS CAUSE IS BEFORE THE COURT on "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" [153] filed by Jerry Leon Robinson as Movant.  Movant relates that he entered a plea of guilty to one count of possession with intent to sell cocaine and conspiracy (153-1).  He was sentenced as a career offender with the enhancing prior convictions being two controlled substance offenses pursuant to U.S.S.G. 4B1.1. His claim is that the words "barter and transfer" are not in the definition of a controlled substance offense under 4B1.1 and therefore 4B1.1 cannot be used to enhance his sentence. The issue of sentence enhancement and career offender status were argued at sentencing, and the sentencing Judge overruled same.  His claim seems to be that the ruling in the <u>Johnson</u> case, 135 S. Ct. 2551 (2015) gives him some chance to re-litigate this issue.

The Court finds that the one  year statute of limitations for bringing §2255 petitions has long since run. The Court further finds that Johnson is not applicable to the enhancement because

the predicate crimes are clearly defined and are not part of the residual clause as set forth in Johnson.

For the reasons above stated the Court finds that the Motion is not well taken and should be DENIED.

SO ORDERED this the  23rd  day of February, 2017.

                                           s/Keith Starrett
                                           UNITED STATES DISTRICT JUDGE